AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| Chelsea Lauren HUGHES | ) Case No. |
| | ) V-22-0001 M |

*Defendant(s)*

## AMENDED CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 2, 2022** in the county of **Victoria** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C 5861 (d) | Defendant did possess a firearm that was required to be registered in the National Firearms Registration and Transfer Record and was in fact not registered. |

This criminal complaint is based on these facts:
See affadavit.

☑ Continued on the attached sheet.

*Oscar Guardado*
Complainant's signature

Oscar Guardado, ATF Special Agent
*Printed name and title*

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P. 4.1, and probable cause found on:

Date: 01/10/2022

*Judge's signature*

City and state: Corpus Christi, Texas

Mitchel Neurock U.S. Magistrate Judge
*Printed name and title*

Print | Save As... | Attach | Reset

## ATTACHMENT A

I, Oscar Guardado, being duly sworn, do hereby state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a Division of the United States Justice Department, assigned to the Corpus Christi Field Office and have been so employed since October 28, 2019.  As a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, I am vested with the authority to investigate violations of Federal laws, including Titles 18 and 26, United States Code. Prior to the employment with ATF, I was employed with the Customs and Border Protection Office of the Border Patrol. I was employed in this capacity April 10, 2008 through October 27, 2019. During this tenure I was vested with the authority to enforce Federal Immigration Law in the southern border of Texas. As a result of my training, my experience relating to these statutes, and the experience of other senior ATF Special Agents, I know that it is a violation of:

> Title 26 USC Section 5861 (d): for any person to receive or possess a firearm which is not registered to him/her in the National Firearms Registration and Transfer Record.

Further, the Affiant states as follows:

1. Your Affiant is familiar with the information contained in this affidavit, either through personal investigation or through discussion with other law enforcement officers, who have participated in and have contributed documentary reports of their investigative efforts in this matter.

2. This investigation began on January 2, 2022, when your Affiant received information from the Victoria County Sheriff's Office (VCSO) concerning allegations of federal firearm violations by Chelsea Lauren HUGHES (hereinafter referred to as "HUGHES").

3. According to VCSO, a VCSO Patrol Unit and Texas Department of Public Safety (TX DPS) conducted a vehicle stop on a white KIA SUV vehicle bearing TX LP RBS8312.  A registration query on the vehicle license plate returned as a stolen vehicle out of Houston, Texas. VCSO initiated a traffic stop and identified HUGHES as the single occupant of the vehicle. Following the arrest of HUGHES for unauthorized use of a motor vehicle, VCSO and TX DPS conducted a search of the vehicle and located eleven firearms further described as AR style rifles. The firearms, located in the cargo area of the SUV, were inside a black duffel bag visible upon opening the vehicle hatch area and releasing the privacy screen above the cargo area to the retracted position. During the initial interview, HUGHES made a statement that she was taking the vehicle to Brownsville, Texas and denied knowledge of the firearms inside the vehicle.

4. Upon arrival at the VCSO CID Office, ATF Agents Oscar Guardado and Elijah Painter examined the firearms located in the vehicle driven by HUGHES and observed that ten (10) of the firearms had a barrel length of less than 16 inches. Additionally, these firearms contained no markings identifying the make, model, or manufacturer.

5. Agents Guardado, Painter and VCSO Investigators conducted a custodial interview of HUGHES. Prior to the questioning, HUGHES was read her Miranda Warnings, which HUGHES waived. During the questioning, HUGHES stated that she had been asked by her boyfriend, identified as "Blake" to drive the vehicle from Houston, Texas to Brownsville, Texas. Furthermore, HUGHES stated that upon delivery of the vehicle a male subject

1

identified as "NENE" was going to provide transportation for HUGHES back to Houston, Texas. HUGHES further stated that the vehicle driven, arrived at Blakes house while HUGHES was asleep and denied knowledge of the vehicle being stolen or of the firearms being inside the vehicle. HUGHES also stated that upon her concern, Blake installed the license plate back on the vehicle prior to her making the trip.

6. During the investigation, VCSO located several phones in HUGHES possession, to which HUGHES claimed ownership. HUGHES stated that in one of the phones, identified as a metallic in color Motorola phone, the WHATSAPP application had been downloaded and was being used to communicate with Blake and Nene.

7. HUGHES further stated that Blake had set up a group chat between HUGHES, Blake and Nene and was being used to maintain communication between the three. Agents obtained a written consent from HUGHES to review the contents of the aforementioned cell phone and were able to locate the text and audio messaging between HUGHES, Blake and Nene using the WHATSAPP application. Agents also located separate messages between HUGHES and Blake.

8. A review of the text messages leads Agents to believe that HUGHES had knowledge of the firearms being inside the vehicle. The communication between HUGHES, Blake and Nene began the evening of January 1, 2022, and continued into the early hours the following day. During the communication, messages were sent acknowledging HUGHES being part of the "team", HUGHES being ready to make the trip early the next day, watching out for police vehicles, and Blake not receiving payment via CashApp.

9. During the interview, HUGHES also made an unprompted statement about her not being able to observe the items in the cargo area due to the privacy screen being closed, therefore giving her knowledge of the appearance of the cargo area when searched by the Officers at the scene.

10. Additionally, HUGHES acknowledged making a stop during the trip. When looking at phone messages, HUGHES received a message from Blake at approximately 7:10 am that read "since you're out of the vehicle check to make sure the privacy screen is pulled out over the cargo area I'm not sure if I put it back when I was looking for that license plate". HUGHES next sent message was by responding "Got it, and it wasn't good call".

11. Based on the information received from Officers at the scene and the text messages, your Affiant believes that HUGHES was taking precautions to conceal the items in the cargo area. Therefore, acknowledging her knowledge of the firearms inside the vehicle.

12. Your Affiant knows that according to the National Firearms Act, a rifle not registered through the NFRTR is required to have a barrel that is at least sixteen (16) inches in length. Your Affiant also knows that registration of a firearm requires that the firearm have a serial number stamped on the firearm.

13. Your Affiant initiated a query on Chelsea Lauren Hughes through the National Firearms Registration and Transfer Record (NFRTR) and confirmed Hughes did not have the required registrations to possess the firearms as required by law.

Based on the above information, your Affiant believes HUHES possessed a firearm in violation of Title 26, United States Code Section 5861 (d); to wit, a AR style firearm having no serial number with a barrel length of less than 16 inches.

2

AUSA John Marck approved this criminal complaint for filing.

Further, the Affiant sayeth not.

*Oscar Guardado*
Oscar Guardado, ATF Special Agent

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1, and probable cause found on 10th day of January 2022.

Mitchel Neurock
UNITED STATES MAGISTRATE JUDGE

3